IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAUL PACHECO-MEJIA,                    :
       Petitioner              :
   v.                                  : Case No. 3:24-cv-278-KAP
MICHAEL UNDERWOOD, WARDEN,              :
F.C.I. LORETTO,                        :
       Respondent              :

Memorandum Order

    Petitioner Pacheco-Mejia, an inmate at F.C.I. Loretto, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241. ECF no. 4. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rule 4), applicable to Section 2241 petitions through Habeas Rule 1(b), a district court has the power and the duty to examine habeas petitions filed pursuant to 28 U.S.C.§ 2254 before service, to screen out meritless applications and to eliminate the burden on respondents of assembling an unnecessary answer. *See* Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir.1999), quoting Advisory Committee Notes to Habeas Rule 4. The same holds true for habeas petitions under 28 U.S.C.§ 2241. *See* 28 U.S.C.§ 2243. For the reasons explained below the petition is denied without need of a response, and the order directing a response is vacated.

    Pacheco-Mejia was convicted on his plea of guilty in the Eastern District of Virginia in United States v. Pacheco-Mejia, Case No. 1:15-cr-2-RDA (E.D.Va. March 16, 2022). The Honorable Rossie D. Alston sentenced Pacheco-Mejia to 240 months imprisonment (petitioner alleges and the BOP records submitted with the petition indicate that it was subsequently reduced to the statutory minimum of 120 months), followed by a 5-year term of supervised release. The offense of conviction was aiding and abetting the use, carry, and discharge of a firearm during a drug trafficking offense resulting in death, in violation of 18 U.S.C.§ 924(c)(1)(A)(iii) and (j), and 18 U.S.C.§ 2 (Count 2 of the indictment). According to the transcript of the sentencing, a public record of which I can take judicial notice, this resulted from an incident in 2011 in which an accomplice of Pacheco-Mejia, not Pacheco-Mejia himself, shot and killed someone in a drug deal gone bad. The Judgment and Commitment Order, also a public record of which I can take judicial notice, is attached. With credit for time served and assuming no loss of Good Conduct time, the Bureau of Prisons projects Pacheco-Mejia's release date as January 28, 2028. Petition, Exhibit 5.

    Pacheco-Mejia asserts in his habeas corpus petition that the Bureau of Prisons is illegally refusing to apply to his sentence a quantity of earned time credits (ETC) for

programming completed under the applicable provisions of the First Step Act of 2018, Pub.L.No. 115-391, 132 Stat. 5208 (December 21, 2018). The First Step Act amended 18 U.S.C.§ 3621 to require the Bureau of Prisons to create or expand programs that will reduce the risk of recidivism by persons convicted of federal offenses, and to award eligible inmates who participate in these programs credits that can be applied toward time in prerelease custody or supervised release.

Pacheco-Mejia's offense of conviction is important because not all inmates who earn ETCs by taking recidivism-reducing programs are eligible to have ETCs applied to their sentences. Inmates with convictions for certain offenses that Congress deems incompatible with recidivism reduction are ineligible to have ETCs applied. *See e.g.* Araujo v. FCI Berlin Warden, No. 23-CV-453-PB-TSM, 2023 WL 9289063, at *1 (D.N.H. Dec. 14, 2023), *report and recommendation adopted*, 2024 WL 181759 (D.N.H. Jan. 17, 2024). Those offenses are listed by reference to section, subsection, or in some cases paragraph within subsection, at 18 U.S.C.§ 3632(d)(4)(D)("A prisoner is ineligible to receive [ETC] ... if the prisoner is serving a sentence for a conviction under any of the following provisions of law[.]"

Subsection 3632(d)(4)(D)(xxii) makes ineligible those serving a sentence for conviction under 18 U.S.C.§ 924(c) "relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." *See* Colotti v. Peters, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025), *affirming* Colotti v. Peters, 2025 WL 216401 (W.D. Pa. Jan. 16, 2025)(Fischer, J.), *adopting report and recommendation in* Colotti v. Underwood, 2024 WL 5336645 (W.D. Pa. June 24, 2024)(Pesto, M.J.). Pacheco-Mejia's plea to Count 2 renders him ineligible under the First Step Act. His argument that the Supreme Court "found Section 924(c) unconstitutional" in United States v. Taylor, 596 U.S. 845 (2022) and United States v. Davis, 588 U.S. 445 (2019) is either wrong, overbroad, or irrelevant. Taylor held as a matter of statutory interpretation that attempted Hobbs Act robbery does not qualify as a crime of violence as a predicate for an enhanced sentence for using a firearm in furtherance of a crime of violence under the statute's elements clause, Subsection 924(c)(3)(A). Davis held the statute's residual clause, Subsection 924(c)(3)(B), enhancing penalties for felonies "that by [their] nature, involv[e] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," is unconstitutionally vague. *Id.*, 588 U.S. at 448.

But Pacheco-Mejia pleaded guilty to participating in a shooting during a drug trafficking crime, not to a crime of violence defined by the residual clause and not to attempted robbery. No argument can be made that Taylor, Davis, or Johnson v. United States, 576 U.S. 591 (2015) prevent the conviction for petitioner's offense from being a disqualifier. Pacheco-Mejia never contended in an appeal or in a motion to vacate that his conviction itself is unconstitutional as a result of any of those decisions.

Finally, Pacheco-Mejia's argument here that <u>Loper Bright Enterprises v. Raimondo</u>, 603 U.S. 369 (2024) allows this court to overturn the Bureau of Prisons' decision that he is ineligible is misplaced: the disqualifying offense was specified by Congress in the First Step Act and is not the result of Bureau of Prisons' interpretation of an ambiguous statute.

The petition is denied. This is a final appealable order. The Clerk shall mark this matter closed.

DATE: June 10, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Saul Pacheco-Mejia, Reg. No. 93815-083
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630